Filed 3/24/22  P. v. Beteta CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOSE NAPOLEON BETETA,<br><br>  Defendant and Appellant. | A163144<br><br>(Alameda County<br>Super. Ct. No. H43032A) |

MEMORANDUM OPINION[1]

  In 2008, defendant Jose Napoleon Beteta was convicted of first degree murder, with a special circumstance that the murder was committed during the course of a robbery.[2]  He was 25 years old at the time of the offense, and he was sentenced to life without the possibility of parole (LWOP).  His conviction has long been final, and it is not at issue in the cause before us. (See *People v. Beteta* (Apr. 29, 2009, A121059) [nonpub. opn.].)

  What is at issue is whether the trial court correctly determined that Beteta was not entitled to a "*Franklin* proceeding," which allows young

---

  [1] We resolve this cause by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

  [2] Beteta's conviction and special circumstance determination were based on Penal Code sections 187, subdivision (a), and 190.2, subdivision (a)(17)(A).  All statutory citations are to the Penal Code.

offenders to develop a post-judgment record for use in future parole hearings. (See *People v. Franklin* (2016) 63 Cal.4th 261, 284.) Under existing law, offenders who have LWOP sentences and who were over the age of 18 at the time of their offense will not become eligible for parole. (See § 3051, subd. (h).) But offenders who have LWOP sentences and who were 18 or younger at the time of their offense will become eligible for parole— notwithstanding their LWOP sentence—after 15, 20, or 25 years of incarceration, depending on the nature of their underlying offense. (See § 3051, subd. (b).)[3] Because this latter category of offenders will eventually be eligible for parole, they have an interest in developing a post-judgment record to document information about "youth-related factors, such as [the offender's] cognitive ability, character, and social and family background." (*Franklin*, at p. 269.) This information may prove useful when these offenders become parole eligible because the parole board "shall give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner." (§ 4801, subd. (c).)

The trial court here denied Beteta's request for a *Franklin* proceeding because Beteta was over 25 years old at the time of his offense and is therefore ineligible for future parole consideration. On appeal, Beteta contends that under equal protection principles he should be entitled to the same opportunity for a *Franklin* proceeding as is afforded to juvenile offenders with LWOP sentences who were 18 or under at the time of their offenses.

---

[3] Section 3051 was passed "[i]n response to a series of decisions addressing Eighth Amendment limitations on juvenile sentencing." (*People v. Sands* (2021) 70 Cal.App.5th 193, 197 (*Sands*).)

We begin with a procedural issue. The Attorney General insists that we must dismiss this appeal because Beteta's equal protection claim may be resolved only by way of a petition for habeas corpus. He accepts that a young offender who has a final LWOP conviction and who is statutorily eligible for a future parole consideration—i.e., who is 18 years old or younger—is not required to seek a *Franklin* proceeding by way of a petition for habeas corpus. He recognizes that such an offender can move for a *Franklin* proceeding under section 1203.01 and can appeal from the resulting order. (*See In re Cook* (2019) 7 Cal.5th 439, 452.) But he contends that a defendant, like Beteta, who has a final LWOP conviction but lacks "the necessary prerequisite of 'establish[ing] [their] entitlement' " to a *Franklin* proceeding may only bring an equal protection challenge by way of a habeas petition.

In a case almost directly on point, our colleagues in Division Five rejected this contention. (*Sands, supra,* 70 Cal.App.5th at pp. 199–200.) *Sands* explained, "A criminal defendant may appeal '[f]rom any order made after judgment, affecting [their] substantial rights.' (§ 1237, subd. (b).) *Cook* and section 1203.01 create a substantial right for offenders to obtain a *Franklin* record development hearing. Because the trial court determined [the defendant] is ineligible for such a hearing, the trial court's order affected his substantial rights and is, therefore, appealable." (*Sands* at p. 200.) *Sands* pointed out, in our view reasonably, that the "more cumbersome habeas corpus procedure would add no value to the process. It would just add the same sort of unnecessary complications that led the *Cook* court to permit an offender to proceed by a motion [under section 1203.01] rather than a habeas corpus petition." (*Sands* at p. 202.)

The Attorney General argues that "*Sands*'s approach goes fundamentally awry because it pointedly ignores the legal distinction

3

between a legislatively authorized, limited postjudgment proceeding for the purpose of record-preservation, which does not disturb the underlying judgment, and an equal protection challenge to section 3051 that directly attacks the underlying final LWOP judgment."

We need not delve too deeply into the debate or decide whether a habeas petition is the exclusive remedy for a defendant in Beteta's position, because we exercise our discretion in the interest of judicial economy to construe Beteta's appeal to be such a petition. (See *People v. Byron* (2009) 170 Cal.App.4th 657, 666 [treating untimely appeal as a writ of habeas corpus in the interests of judicial economy]; *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from a non-appealable order denying request to reduce sentence as a petition for writ of habeas corpus in the interest of judicial economy].)

We therefore turn to Beteta's equal protection claim, an issue we review de novo. (*Samples v. Brown* (2007) 146 Cal.App.4th 787, 799.) The Attorney General first claims that Beteta forfeited the claim by not raising it in the trial court at the time he petitioned for the *Franklin* proceeding. Even though the issue presents a pure question of law, he contends that we should decline to excuse the forfeiture because Beteta "has the ability to raise his challenge . . . directly by way of a way of a petition for writ of habeas corpus." (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887 & fn. 7.) Since we have construed Beteta's appeal to be such a petition, we will proceed consider the claim. We nonetheless reject it on its merit.

Beteta contends that "there is not a rational basis for distinguishing between a juvenile offender, under 18, and a youthful offender, 18 through 25, for the purpose of providing [a *Franklin* proceeding]." *Sands*, which was decided about two months after Beteta initiated this appeal, considered and

4

rejected an almost identical argument. Other courts have reached the same conclusion. (See, e.g., *In re Murray* (2021) 68 Cal.App.5th 456, 458; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779–780.) We agree with and adopt *Sands*'s thoughtful analysis.

"Equal protection ensures that the government does not treat one group of people 'unequally' in comparison to other groups with similar characteristics 'without some justification.' [Citation.] First, we consider whether ' "the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." ' [Citation.] The groups need not be similar in all respects but must be similarly situated for the purposes of the challenged law. [Citation.] Second, if two similarly situated groups have been identified and no suspect class or fundamental rights are at issue, we must decide whether there is any rational basis to support treating the groups differently." (*Sands, supra,* 70 Cal.App.5th at p. 202.)

As did the court in *Sands*, we will assume without deciding that the first prong of the test is met. We will assume, in other words, that offenders who have an LWOP sentence and who were between 19 and 26 years old at the time of their offense are similarly situated with offenders who have an LWOP sentence and who were 18 or younger at the time of their offense. (*Sands, supra,* 70 Cal.App.5th at p. 203.)

We nonetheless conclude, as did *Sands*, that the second prong of the test is not met. "The rational basis test sets a very high bar. The Legislature's classifications are presumed to be rational. [Citation.] A challenger must demonstrate there is no conceivable rational basis for them. [Citation.] We must accept any plausible rational basis without questioning its wisdom, logic, persuasiveness, or fairness, and regardless of whether the Legislature ever articulated it." (*Sands, supra,* 70 Cal.App.5th at pp. 203–

5

204.) "The Legislature had a rational basis to distinguish between offenders with the same sentence (life without parole) based on their age. For juvenile offenders, such a sentence may violate the Eighth Amendment. [Citations.] But the same sentence does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26." (*Sands, supra,* 70 Cal.App.5th at p. 204.) "The age of 18 is the point where society draws the line for many purposes between childhood and adulthood." (*Roper v. Simmons* (2005) 543 U.S. 551, 574.)

Some appellate jurists have urged the Legislature to revisit section 3051, subdivision (h), and to consider affording the possibility of parole to youthful offenders with LWOP sentence who were over 18 years old at the time of their offense. (See, e.g., *In re Murray, surpa,* 68 Cal.App.5th at pp. 464–465.) Like them, however, we conclude that the line the Legislature has drawn in section 3051 does not violate equal protection principles.

## III.

### DISPOSITION

Beteta's appeal, construed as a petition for a writ of habeas corpus, is denied.

_____

Humes, P.J.

WE CONCUR:

_____

Banke, J.

_____

East, J. *

*Judge of the Superior Court of the City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Beteta*  A163144

7